Solange CHADDA; Nicky Boy; Pouch; Rambler; Kelly Hall; Tuff

v.

Jeff MULLINS; Jeff Mullins Stables; Jeff Mullins Racing; David Jolly; Stepahead Farm; Calder Race Course, Inc; Mike Anifantis; Jesse Maldonado; Galo Verde Ranch; Woody Hildebrandt; Joni Hildebrandt; H.E.C.K. Ranch

**Solange Chadda; Kelly Hall, Appellants.**

No. 10–4734.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 8, 2011.

Opinion filed: June 9, 2011.

Solange Chadda, Philadelphia, PA, pro se.

John E. Tyrrell, Esq., Hollstein, Keating, Cattell, Johnson & Goldstein, Philadelphia, PA, Matthew T. Croslis, Esq., Allentown, PA, Angelo L. Scaricamazza, Jr., Esq., Naulty, Scaricamazza & McDevitt, for Appellee.

Before: FUENTES, GREENAWAY JR., and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

On August 11, 2010, plaintiffs-appellants initiated this case in the United States District Court for the Eastern District of Pennsylvania, unleashing a torrent of amended complaints, responses, motions to dismiss, and motions to strike, some of which were served to counterparties but never officially filed. Greatly condensed, the plaintiffs-appellants—who include Nicky Boy, a "Thoroughbred Female Horse," a dog named "Pooch" or "Pouch," and human parties Solange Chadda and Kelly Hall—accused the defendants-appellees of engaging in a conspiracy to injure them and their animals, commit fraud upon them, extort them, threaten them, and defraud them of revenue, all ostensibly in connection with a series of events and misadventures connected to competitive horseracing. The center of this conspiracy was alleged to be Jeff Mullins, a well-known figure in the horseracing world. The storm of filings having settled, the District Court dismissed the action for lack of subject-matter jurisdiction. Plaintiffs-appellants attempted to amend their com-plaint, which was again dismissed (*sua sponte*) for lack of subject-matter jurisdiction. Then, following a brief fugue in which plaintiffs-appellants attempted to re-move the presiding District Judge on the "basis of his bias and prejudice," they filed a notice of appeal.[1] We will now affirm.

■ As tribunals of limited jurisdiction, federal courts must determine whether the case before them properly invokes either federal-question jurisdiction or diversity jurisdiction. Federal-question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, while diversity jurisdiction requires parties to be, *inter alia,* "citizens of different States," and to fulfill an amount-in-controversy requirement. 28 U.S.C. § 1332(a). Here, despite plaintiffs-appellants' assertions regarding violations of "federal law," we discern no claims that may be fairly construed as arising under or involving federal law; as the District Court observed, the one federal statute to which plaintiffs-appellants cite is a criminal statute that does not grant a private right of action.[2] Therefore, the plaintiffs-appel-

---

1. Respondents David G. Jolly and Stepahead Farm assert that we lack jurisdiction over this appeal, as the plaintiffs-appellants "have never filed an Appeal from the Order of November 9, 2010" that originally dismissed the suit for lack of subject-matter jurisdiction. While correctly observing that plaintiffs-appellants' notice of appeal is not timely when measured from the November 9, 2010, order, *see* Fed. R.App. P. 4(a)(1)(A), the order from which the appeals period should be measured is the one entered November 22, 2010. Dismissal on the basis of subject-matter jurisdiction is generally without prejudice. *See Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.),* 132 F.3d 152, 155 (3d Cir.1997). "To be appealable under 28 U.S.C. § 1291, an order of dismissal must ordinarily be with prejudice.... [However,] a plaintiff can appeal from a dismissal without prejudice when he declares his intention to stand on his com-plaint or when he cannot cure the defect in his complaint." *Booth v. Churner,* 206 F.3d 289, 293 n. 3 (3d Cir.2000); *see also Borelli v. City of Reading,* 532 F.2d 950, 951–52 (3d Cir.1976) (per curiam). Plaintiffs-appellants attempted to amend before "standing" on their complaint after the November 22, 2010, order. Accordingly, the appeal was timely, and we have jurisdiction under 28 U.S.C. § 1291 to exercise *de novo* review over the dismissal for lack of subject-matter jurisdiction. *See Huber v. Taylor,* 532 F.3d 237, 243 (3d Cir.2008).

2. On appeal, the plaintiffs-appellants assert violations of, *inter alia,* the Hobbs Act and Racketeer Influenced and Corrupt Organizations Act (RICO) by the defendants-appellees. "Absent compelling circumstances[,][we] will not consider issues that are raised for the first time on appeal." *Shell Petroleum, Inc. v. United States,* 182 F.3d 212, 219 (3d Cir.1999)

lants may proceed only by demonstrating facts by which diversity jurisdiction can be sustained.

Instead, they have demonstrated to the contrary. Federal subject-matter jurisdiction may only be premised on diversity of citizenship when that diversity is complete: no plaintiff can be a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir.1995). Citizenship for the purposes of jurisdiction is determined at the start of suit. *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt.*, 316 F.3d 408, 410 (3d Cir.2003). "A natural person is deemed to be a citizen of the state where she is domiciled," *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir.2008), and we define "domicile" as residency with intent to remain. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir.1972). Here, it is undisputed that plaintiff-appellant Hall is a citizen of Arkansas who "visit[s] Philadelphia ... on occasion" to stay with plaintiff-appellant Chadda. *See* Hall Aff., ECF No. 038. Defendant David Jolly also is a citizen of Arkansas. Therefore, as a plaintiff and a defendant shared the same state of citizenship, diversity jurisdiction could not lie.

While the plaintiffs-appellants have filed a *pro se* appellate brief, they declined to address the relevant jurisdictional issue, presenting instead a confusing, jumbled array of conclusory arguments and accusations. Accordingly, the District Court correctly dismissed the action for lack of subject-matter jurisdiction.

(quoting *Patterson v. Cuyler*, 729 F.2d 925, 929 (3d Cir.1984)). No such circumstances are apparent. Procedural hurdles notwithstanding, plaintiffs-appellants still have not

■ Following this dismissal, the plaintiffs-appellants accused Judge Kelly of "bias and prejudice," because of his "gain from the racing entity [*sic*]." They declined to substantiate these allegations, let alone show how Judge Kelly's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). We perceive no error in Judge Kelly's failure to recuse. *See Securacomm Consulting v. Securacom*, 224 F.3d 273, 278 (3d Cir.2000).

For the foregoing reasons, we will affirm the judgment of the District Court.

stated a plausible federal claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009); *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir.2010).